JUDGE ENGELMAYER

## JO ANNE SIMON, P.C.
99 Park Avenue, Suite 1510
New York, NY 10016
www.joannesimon.com

20 CV 4803

Admitted NY & NJ Bars

(718) 852-3528 (V/TTY)
(680) 697-2366 (FAX)

June 22, 2020

Delivered By Hand

**MEMO ENDORSED**

The Honorable Ruby J. Krajick
Clerk of Court
Daniel Patrick Moynihan United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **R.S. v. Association of American Medical Colleges**

Dear Clerk Krajick:

    We represent R.S., an individual with disabilities who has been denied accommodations for the Medical College Admission Test ("MCAT") that is offered by Defendant Association of American Medical Colleges ("AAMC"). In the interests of justice and to protect confidential medical information, Plaintiff hereby requests permission to commence this civil rights action under her initials and asks that any documents and/or filings that contain her full name be sealed.

    This Court has the discretion to order that a case proceed using only a plaintiff's initials. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008) enumerated a non-exhaustive list of factors that a district court should consider when presented with a plaintiff's request to proceed anonymously and held that a district court's determination whether to order a case to proceed anonymously is reviewed only for abuse of discretion. *See also* T.W. v. New York State Bd. of Law Examiners, No. 16CV3029RJDRLM, 2017 WL 4296731, at *5 (E.D.N.Y. Sept. 26, 2017) and J.C. v. Rowan University School of Osteopathic Medicine, *et al.*, Civ. No. 17-2778-RBK-KMW (D.N.J. Oct. 3, 2017).

    Plaintiff has gone to great lengths to keep the existence of her disabilities private. She has only disclosed this highly sensitive and personal information to very few close friends and family members, and entities and individuals that are bound by confidentiality (i.e., Defendant, educational institutions, legal counsel, and medical professionals). Plaintiff has good reason to believe that medical schools and future employers will perform a detailed background search prior to extending offers. If Plaintiff were forced to proceed with her full name, Plaintiff would be deprived of her right to keep the existence of her disabilities confidential from future employers. Additionally, even if, as an alternative, only Plaintiff's medical records were sealed, given the causes of action alleged Plaintiff would still be publicly identified as an individual with disabilities. It is clear that there are no alternative mechanisms for protecting Plaintiff's privacy.

There is a substantial public interest in maintaining the confidentiality of Plaintiff's identity. There is no legal requirement that individuals with disabilities disclose their disabilities to their employers and there is no requirement that disclosure be made to post-secondary academic institutions before an offer of admission is made. In fact, the law states that employers and schools are prohibited from forcing individuals with disabilities to disclose their disability status.

The ADA was amended by the United States Congress in 2008. The statute, 42 U.S.C.A. § 12101 (a)(1) – (8), explicitly states that Congress found that individuals with disabilities continue to be discriminated against in all areas of life, including, but not limited to, education and employment. The ADA created a "national mandate for the elimination of discrimination of individuals with disabilities" and this cannot be accomplished if individuals such as Plaintiff are forced to sacrifice future academic and employment opportunities. Indeed, denying Plaintiff R.S. the ability to proceed under a pseudonym will have a chilling effect on future cases to come. There is even a high probability that Plaintiff might not pursue her claim due to the stigmatization that may result.

Permitting Plaintiff to proceed under a pseudonym will not interfere with the public's right to follow the proceedings or Defendant's right to defend itself, as Defendant has already been given notice of Plaintiff's intent to commence this civil rights action.

For the foregoing reasons, Plaintiff respectfully requests that her motion to proceed under pseudonym be granted by the Court. Counsel is prepared to fully brief this issue at the Court's request.

                                                                                                                         Respectfully submitted,

Jo Anne Simon, Esq. (JS2793)
Jo Anne Simon, P.C.
99 Park Avenue
Suite 1510
New York, NY 10016-1601
Telephone: 718-852-3528
Fax: 680-697-2366
E-mail: joanne@joannesimon.com

SO ORDERED:

/s/ Andrew L. Carter, Jr.

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE
June 23, 2020

2